EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN VÉLEZ, VALERIANO DELGADO y SANTIAGO BRIALES, acusados y apelante el primero.

No. 2514.—*Visto:* Junio 2, 1925. *Resuelto:* Junio 12, 1925.

1. ALTERACIÓN DE LA PAZ—DENUNCIA—SUFICIENCIA DE LA MISMA.—Una denuncia en que se alega que los vecinos fueron alarmados por un escándalo y una riña imputa al acusado el haber perturbado la paz de ''algún vecindario o individuo''.

2. ALTERACIÓN DE LA PAZ—EVIDENCIA—SUFICIENCIA DE LA MISMA.—La declaración de un testigo de que el acusado había estado peleando, que sintió un escándalo y que se aglomeró gente debido a la perturbación de la paz, tiende a demostrar una alteración de la paz en violación del artículo 368 del Código Penal.

3. EVIDENCIA—RECEPCIÓN DE LA EVIDENCIA—OBJECIONES, MOCIONES PARA ELIMINAR Y EXCEPCIONES—EVIDENCIA NO OBJETADA.—Los tribunales pueden considerar todo elemento de prueba que se presente sin objeción de la parte contraria (*Falero* v. *Falero,* 15: 118, confirmado).

4. ALTERACIÓN DE LA PAZ—EVIDENCIA—SUFICIENCIA DE LA MISMA—PRUEBA CIRCUNSTANCIAL.—La actitud del acusado y otros hombres que salen de una casa en que surge un escándalo, así como la posición y actitud de la aglomeración de gente, es prueba circunstancial de la cual puede inferirse la perturbación de la paz por el acusado.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito de alteración de la paz pública. *Confirmada.*

*Buenaventura Esteves,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Una denuncia que alega que los vecinos fueron alarmados por un escándalo y una riña, informa suficientemente a un acusado de que se le imputa el hecho de haber perturbado la paz de algún ''vecindario o individuo,'' según prescribe el artículo 368 del Código Penal.

[2] La declaración de un policía de que el acusado había estado peleando; que el testigo sintió un escándalo y que se aglomeraron muchas personas debido a la perturbación de la paz, es prueba tendente a demostrar una alteración de la paz en violación del referido artículo. El testigo dijo que llegó cuando estaban en la terminación de la lucha.

[3] Aunque si se hubiera formulado objeción tal vez la manifestación de que el acusado estaba peleando podría ser excluída como prueba de referencia, a falta de objeción la prueba fué satisfactoria. *Falero et al.* v. *Falero,* 15 D.P.R. 118. De haberse objetado, el hecho de la lucha pudo haber sido probado de otro modo.

[4] Aun cuando la supuesta prueba de referencia hubiera sido excluída,—en lo que el testigo pudo observar—, la actitud del acusado y otros hombres que salieron de la casa donde el escándalo surgió, la posición y actitud de la aglomeración de gente, era prueba circunstancial de la cual la corte pudo inferir la existencia de una perturbación de la paz por el acusado.

La única objeción a la prueba, sin embargo, fué que no tendió a probar una perturbación de la paz de ninguna persona. La defensa misma presentó el hecho de personas que se aglomeraban debido al escándalo, tarde en la noche.

*No encontramos ningún error en la sentencia condenatoria, la cual debe ser confirmada.*